Electronically Filed - Jackson - Kansas City - October 12, 2016 - 03:14 PM

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI



| Judge or Division: SANDRA C. MIDKIFF | Case Number: 1616-CV22220 |
|---|---|
| Plaintiff/Petitioner: TYSON FISHER  vs. | Plaintiff's/Petitioner's Attorney/Address MICHAELA SHELTON SHELTON LAW OFFICE, P.A. 10100 W 87TH STREET STE 303 OVERLAND PARK, KS 66212    41952 |
| Defendant/Respondent: DNA DIAGNOSTICS CENTER, INC. DBA: HTTP://DNACENTER.COM DBA: GTLDNA GENETIC TESTING LABORATORIES DBA: HTTP://WWW.GTLDNA.COM | Court Address: 415 E 12th KANSAS CITY, MO 64106 |
| Nature of Suit: CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: DNA DIAGNOSTICS CENTER, INC.
DBA: HTTP://DNACENTER.COM
DBA: GTLDNA GENETIC TESTING LABORATORIES
DBA: HTTP://WWW.GTLDNA.COM

R/A CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

30 CT COR

**COURT SEAL OF JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

22-SEP-2016
Date                                    Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☑ other  LGW – B. LOVE
Served at  CT CORP.                                                                  (address)
in  St. Louis County  (County/City of St. Louis), MO, on  OCT 06 2016  (date) at  9 A.M.  (time).
LEISINGER
Printed Name of Sheriff or Server                      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
Date                                    Notary Public



EXHIBIT A

16-SMCC-7770

OSCA (7-08) SM30 (JAKSM)    Document Id # 16-SMCC-9305    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:16-cv-01157-HFS   Document 1-2   Filed 10/28/16   Page 1 of 14



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: SANDRA C. MIDKIFF | Case Number: 1616-CV22220 |
|---|---|
| Plaintiff/Petitioner: TYSON FISHER | Plaintiff's/Petitioner's Attorney/Address MICHAELA SHELTON SHELTON LAW OFFICE, P.A. 10100 W 87TH STREET STE 303 OVERLAND PARK, KS 66212 |
| vs. | |
| Defendant/Respondent: DNA DIAGNOSTICS CENTER, INC. DBA: HTTP://DNACENTER.COM DBA: GTLDNA GENETIC TESTING LABORATORIES DBA: HTTP://WWW.GTLDNA.COM | Court Address: 415 E 12th KANSAS CITY, MO 64106 |
| Nature of Suit: CC Pers Injury-Other | |

41952

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: DNA DIAGNOSTICS CENTER, INC.
DBA: HTTP://DNACENTER.COM
DBA: GTLDNA GENETIC TESTING LABORATORIES
DBA: HTTP://WWW.GTLDNA.COM

R/A CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

30 CTCOR

COURT SEAL OF
JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

22-SEP-2016
Date                                          Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☑ other  LGW – B. LOVE
Served at  CT CORP.                                                                   (address)
in  St. Louis County  (County/City of St. Louis), MO, on  OCT 0 6 2016  (date) at  9 A.M.  (time).

LEISINGER
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
              Date                                          Notary Public

16-SMCC-7770



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>SANDRA C. MIDKIFF | Case Number: 1616-CV22220 |
|---|---|
| Plaintiff/Petitioner:<br>TYSON FISHER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MICHAELA SHELTON<br>SHELTON LAW OFFICE, P.A.<br>10100 W 87TH STREET<br>STE 303<br>OVERLAND PARK, KS 66212 |
| Defendant/Respondent:<br>DNA DIAGNOSTICS CENTER, INC.<br>DBA: HTTP://DNACENTER.COM<br>DBA: GTLDNA GENETIC TESTING LABORATORIES<br>DBA: HTTP://WWW.GTLDNA.COM | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: DNA DIAGNOSTICS CENTER, INC.
DBA: HTTP://DNACENTER.COM
DBA: GTLDNA GENETIC TESTING LABORATORIES
DBA: HTTP://WWW.GTLDNA.COM

R/A CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

22-SEP-2016
Date                                                                 Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____      _____
                              Date                      Notary Public

OSCA (7-08) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 16-SMCC-9305    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:16-cv-01157-HFS   Document 1-2   Filed 10/28/16   Page 3 of 14

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 16-SMCC-9305    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:16-cv-01157-HFS   Document 1-2   Filed 10/28/16   Page 4 of 14

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| TYSON FISHER, ) | |
|     Plaintiff, ) | Case No. |
| ) | Division |
| v. ) | |
| ) | |
| DNA Diagnostics Center, Inc. ) | |
| D/B/A ) | |
| https://dnacenter.com ) | |
| GTLDNA Genetic Testing Laboratories, ) | |
| http://www.GTLDNA.com ) | |
|     Defendant. ) | |

## PETITION

COMES NOW Plaintiff, Tyson Fisher, by his attorney, Michaela Shelton, and for his cause of action against Defendant, states and alleges as follows:

1. At all times mentioned, Plaintiff, Tyson Fisher, was and is a resident of the State of Missouri.

2. At all times mentioned, Defendant, DNA Diagnostics Center, Inc. (hereinafter referred to as "Defendant") was and is a foreign for-profit corporation registered with the Secretary of State in Missouri as "DNA Diagnostics Center, Inc."

3. Defendant is also known and conducts business in Missouri as GTLDNA Genetic Testing Laboratories, GTLDNA, DNA Center, and DDC DNA Diagnostics Center, and other various names.

4. The name and physical address of its registered agent and office in Missouri is C T Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

5. Defendant is primarily organized and existing under the laws of Ohio.

6. The address of its principal place of business and headquarters is One DDC Way, Fairfield, Oh 45014.

## Defendant's Business in Missouri

7. Defendant conducts business in this state by creating websites for consumers to make online purchases of DNA testing kits for the determination of paternity.

8. The purpose of Defendant's business in Missouri is to provide DNA paternity testing for consumer purchase through websites owned by Defendant, for the determination of paternity.

9. Defendant conducts business in Missouri under various online names, including but not limited to GTLDNA Genetic testing laboratories, GTLDNA, DDC, DNA Center, and DDC DNA Diagnostics Center.

10. Defendant's website is located at https://gtldna.com/home-paternity-dna-testing/ .

11. Defendant maintains various other websites for the purpose of providing DNA paternity testing for consumer purchase for the determination of paternity.

12. Gtldna.com is a domain name registered with GoDADDY.com, LLC, and owned by Defendant, DNA Diagnostics Center, 1 DDC Way, Fairfield, Ohio 45014.

13. Defendant conducts its business in Missouri through online Internet sale of DNA testing to determine paternity.

14. The usual process of Defendant's business of paternity testing is for the consumer to place an online order for a DNA test kit through Defendant's website. Once the buyer's payment is processed by Defendant, Defendant sends the consumer a home sample collection kit in an unmarked envelope by United States mail, and the consumer follows the instructions for obtaining and submitting the DNA samples back to Defendant. Defendant provides paternity test results by email in 5-7 days.

15. By using the Internet to advertise globally, Defendant consciously transmitted advertising information to all Internet users, including Missouri customers such as Plaintiff.

16. By advertising online that it would provide DNA kits for paternity testing Defendant knowingly stood ready and willing to business with Missouri residents.

17. Defendant purposely availed itself of doing business in Missouri over a period of several years by registering as a corporation in Missouri and using the Internet as a broad platform to promote and conduct regular, commercial business in Missouri.

18. Defendant's regular online transactions with Missouri residents created intentional, substantial connections with Missouri.

19. Defendant, by reaching out beyond one state and created a continuing relationship and obligation with Plaintiff, a citizen of Missouri, subjected Defendant to regulation and sanctions in Missouri for the consequences of their actions.

*Facts*

20. In December, 2013, a male child, "I.D." was born to Hillary Davis.

21. On or about October 2014, a DNA testing kit was purchased from Defendant through an online website and Plaintiff was the consumer of this purchase.

22. Samples were submitted from I.D. and Plaintiff to Defendant on or about October 18, 21, 2014, pursuant to Defendant's instructions contained in Defendant's DNA test kit.

23. On or about October 31, 2014, Defendant provided Plaintiff with an online message that Plaintiff's DNA test results were ready to be electronically downloaded.

24. On or about October 31, 2014, Plaintiff downloaded the DNA paternity test results from Defendant's online website.

25. On or about October 31, 2014, the DNA test results from Defendant's online website identified Plaintiff as the biological father of I.D. based on a probability of 99.9999880503286%.

26. On or about October 31, 2014, Defendant Corporation instructed through an online message on Defendant's DNA test result page for Plaintiff to go to the website http://www.gtldna.com/interpretation.html for "interpretation" of the DNA report.

27. At all relevant times, and on or about October 31, 2014, Defendant's website made the following representations to Plaintiff about the accuracy of its DNA test results for paternity:

   a. "Fast, Accurate, Affordable DNA Testing"

   b. "We are the only laboratory to run every test twice for 100% accuracy"

   c. "We run your test twice, to guarantee accurate results."

   d. "DDC provides the highest quality service, ensuring DNA test accuracy as well as a great experience for our clients. For all our clients we: Follow the most stringent procedures to guarantee accurate and conclusive results...."

   e. "If you've done the research, and you're sure a home test is what you need, then we are happy to help. DDC runs every home test twice too ensure guaranteed accuracy."

   f. "100% ACCURACY GUARANTEED"

28. Plaintiff relied on Defendant's representations concerning the DNA test results identifying Plaintiff as I.D.'s biological father in the following manner:

   a. Plaintiff attempted to establish a personal relationship with I.D.

   b. Plaintiff held himself out as I.D.'s biological father.

   c. Plaintiff represented that he was I.D.'s father to I.D.'s mother and I.D.

4

      d. Plaintiff acknowledged paternity in writing.

      e. Plaintiff accepted financial responsibility for I.D.'s support.

      f. Plaintiff availed himself of the legal process to declare himself as the biological father of I.D.

      g. Plaintiff became the recipient of a court order requiring Plaintiff to provide financial support for I.D. in the amount of $493.00 per month for I.D., beginning February 2016, and continuing until I.D. is emancipated, which is a period of approximately sixteen (16) years.

29. In February, 2016, Plaintiff confirmed through two (2) independent DNA paternity tests that he is excluded as the biological father of I.D.

30. In February, 2016, Plaintiff became aware that Defendant's DNA test conclusions from the October 2014, DNA testing were inaccurate, and had produced a "false positive" result.

31. Defendant has prior, actual knowledge that its lab does not produce 100% accurate DNA test results, including producing "false positive" DNA paternity test results.

32. Defendant has been previously sued for inaccurate "false positive" DNA paternity test results in *Diggs v. DNA Diagnostic Center*, No. W2011-00814-COA-ReCV, November 17, 2011.

33. Plaintiff was and is a resident of Jackson County, Missouri, when he was injured by the negligent misrepresentations by Defendant.

*Claims of Negligent Misrepresentation, Violation of Missouri Merchandizing Practices Act*

34. Defendant supplied information to Plaintiff about paternity testing in the course of Defendant's business.

35. Defendant in the course of its business negligently represented to Plaintiff that Defendant's DNA test results were 100% guaranteed accurate.

36. Due to Defendant's failure to exercise reasonable care or competence in communicating the information about the true accuracy of Defendant's paternity test results, Defendant's information was false.

37. Defendant's representation of the 100% accuracy of its DNA testing was material to Plaintiff's reliance on Defendant's product.

38. Defendant failed to use ordinary care in making such representation that its DNA test results were 100% accurate.

39. Defendant intentionally provided information that its DNA test results were 100% accurate for the guidance of a limited group of persons interested in determining paternity, including Plaintiff.

40. Plaintiff reasonably relied on the information provided by Defendant and such reliance was reasonable under the circumstances.

41. As a result of Defendant's negligent misrepresentation provided by Defendant about the accuracy of its DNA testing, Plaintiff sustained damage, including past, present, and future pecuniary and non-pecuniary loss.

42. Defendant offered to Plaintiff for sale online, DNA testing kits for the purpose of determining paternity.

43. Defendant's DNA testing kits offered for sale online are primarily for personal and family purposes.

44. Plaintiff was the consumer of Defendant's DNA testing kit.

45. In connection with the sale of the Defendant's DNA testing kits, Defendant misrepresented that the accuracy of its DNA test results as 100%, and concealed the material fact that its DNA test results were not 100% accurate in determining paternity.

46. Defendant acted, used, and employed deception, fraud, false pretense, a false promise, misrepresentation, unfair practice, concealment, suppression, and omission of a material fact in connection with its sale or advertisement of its DNA testing by stating that its DNA test results were "100 percent accurate" and other similar statements in violation of Missouri's Merchandising Practices Act.

47. As a result of Defendant's conduct, Plaintiff sustained damage including ascertainable damages for support of a child not his, reasonable attorney fees, and expenses.

48. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured, has incurred and in the future will incur expenses for his injury, and has suffered great pain and suffering, great loss, and damage.

49. Plaintiff has incurred reasonable attorney fees in bringing this action that due to Defendant's conduct, should be paid by Defendant.

50. Defendant should be ordered to pay all civil fines and penalties allowed by law for its misconduct including punitive damages.

WHEREFORE Plaintiff requests judgment against Defendant for damages, together with the costs of the suit, civil fines and penalties, an award of reasonable attorney fees, and for such further relief as the court may deem proper.

Submitted by:

/s/Michaela Shelton
Michaela Shelton      Mo # 41952
10100 W. 87th Street Suite 303
Overland Park, Kansas 66212
(913) 341-3001
(913) 341-4289 (Facsimile)
*attorney@sheltonlawoffice.com*
ATTORNEY FOR PLAINTIFF

8

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

TYSON FISHER

                              PLAINTIFF(S),        CASE NO. 1616-CV22220

VS.                                                        DIVISION 1

DNA DIAGNOSTICS CENTER, INC.

                              DEFENDANT(S),

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
AND ORDER FOR MEDIATION**

---

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **SANDRA C. MIDKIFF** on **09-JAN-2017** in **DIVISION 1** at **10:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

    a.    A trial setting;

    b.    Expert Witness Disclosure Cutoff Date;

    c.    A schedule for the orderly preparation of the case for trial;

    d.    Any issues which require input or action by the Court;

    e.    The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ SANDRA C. MIDKIFF
SANDRA C. MIDKIFF, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
MICHAELA SHELTON, 10100 W 87TH ST, STE 303, OVERLAND PARK, KS, 66212

Defendant(s):
DNA DIAGNOSTICS CENTER, INC. *D/B/A HTTPS://DNACENTER.COM, D/B/A GTLDNA GENETIC TESTING LABORATORIES, D/B/A HTTP://WWW.GTLDNA.COM*

Dated: 15-SEP-2016

**Jeffrey A. Eisenbeis**
Court Administrator